The opinion of the court was delivered by
Breaux, J.
Petitioner for the writ alleges that the judge by whom the warrant of arrest was signed is not in the parish of Tangipahoa.
He also, in substance, alleges that the warrant of arrest was not addressed to the criminal sheriff of the parish of Orleans. •
The warrant is addressed to the sheriff of the parish of Tangipahoa.
It is not illegal in form, and the sheriff to whom it was addressed made the arrest.
The sheriff, when authorized, may place the prisoner for safekeeping in the jail of another parish than that in which the arrest has been ordered.
We must presume, until the contrary is alleged and proven, that the prisoner was brought to the jail of the parish of Orleans under proper order and authority.
*1364 The sheriff to whom a warrant is addressed may act through one of his deputies to whom the warrant is not, in terms, addressed.
He may also, in executing the order of the court, authorize the jailer to take charge of and hold the prisoner under the warrant of arrest originally issued to him. There is no necessity for obtaining another warrant of arrest especially addressed to the jailer or sheriff in charge of the jail in whose charge the petitioner is committed temporarily.
The warrant of arrest having the effect of a commitment for the time being, is not absolutely illegal. In another jurisdiction it has been decided that the warrant of commitment, if issued to the sheriff of the court in which the examination is held, will authorize his detention and custody by the sheriff' of the next most convenient county having a jail. Church on Habeas Corpus, 2d Ed., par. 283.
This may also well apply to a warrant of arrest when invoked as in this case.
There is another objection fata.1 to the application.
The prisoner does not allege, nor was it said at the bar in his behalf, that he has applied for a hearing before the authority, under whose order he is in custody.
It was not shown that the judge is absent from the State or from his judicial district, and that ample hearing can not be had within a reasonable delay.
The court within the jurisdiction of which it is charged that a crime has been committed has taken jurisdiction. It can not, without the least notice, be ousted of its jurisdiction.
And lastly, it is “the spirit and intention” of the statute “ that the several judges in this State shall have a general supervisory control over the officers appointed by the law to execute the writs issuing from and the orders of their courts.” Sec. 1087, R. S.
In view of the supervisory control of the judge of the Sixteenth District, we will not discharge the relator. State ex rel. Bauman vs. Sheriff, 44 An. 1014.
Where the proceedings are entirely void, the accused may be discharged, but not so where they are voidable. American and English Encyclopedia of Law, Vol. 9, p. 190.
The writ of habeas corpus is not granted and the application is refused.